UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHALE ANGELO COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01912-JMS-TAB |
| ) | |
| MATTHEW MYERS, ) | |
| ) | |
| Defendant. ) | |

**Order Denying Motions for Preliminary Injunction and Motion for Immediate Action**

Plaintiff Michale Coleman, who is incarcerated at the Bartholomew County Jail, alleges in this civil rights lawsuit that the Jail is infested with mold and that he cannot practice his religion. Mr. Coleman has filed two motions for a preliminary injunction and a motion for immediate action related to his mold claims. For the following reasons, those motions are **DENIED**.

**I. Background**

On September 15, 2022, Mr. Coleman filed a grievance with the Jail asserting that mold was growing in his cell block and vents and the ceiling was leaking Dkt. 19-2 at 4. Assistant jail commander Tyler Stillabower responded to the grievance stating that a work order had been placed and that he had spoken to maintenance staff about the matter. *Id*. The work order was completed on September 22. Dkt. 19-2 at 2, 6. Maintenance staff member Ed Burger documented that he had cleaned the vents and replaced the ceiling tile. *Id.* Mr. Coleman filed an "appeal" on September 28 and asserted that black mold was still present. Dkt. 19-2 at 7. Commander Stillabower emailed Sgt. Justin Mathis asking him to investigate the mold. *Id.* at 2, 8. Sgt. Mathis responded that the substance appeared to be a hard water stain and that the inmates claimed that they were unable to remove the substance with the cleaning supplies provided. *Id.*; dkt. 19-3 at 1-2. Commander

Stillabower instructed Sgt. Mathis to ask Mr. Burger if there was a different cleaning product that could be used to remove the substance Dkt. 19-2 at 2, 8; dkt. 19-3 at 2. Sgt. Mathis emailed Mr. Burger who indicated that he took a product known as "Zap" to the officer in charge office and spoke to Sgt. Greenlee about the matter Dkt. 19-2 at 2, 9; dkt. 19-3 at 2-3. Mr. Burger's email also indicated that the area had been previously tested for mold, and the person conducting the test said the substance was not mold. Dkt. 19-2 at 9; dkt. 19-3 at 3. Jail Commander John Martoccia affirms that he cannot order testing every time inmates complain of mold, but that if maintenance staff recommend testing, he orders it. Dkt. 19-1 at 2.

Inmates at the Bartholomew County jail are responsible for cleaning their cells and living areas. Dkt. 19-2 at 3. Mops, buckets with water, brooms, and dustpans are available daily. *Id.* Once per week, inmates are provided cleaning products for deep cleaning and sanitation. *Id.* Cells are also checked, and maintenance does additional weekly checks. *Id*. Logs show these checks were completed in September 2022 Dkt. 19-2 at 3, 10-22. On prior occasions, jail commander major John Martoccia has had cellblocks professionally tested for mold. Dkt. 19-1 at 2. The test result was negative each time. *Id.*

## II. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To meet the threshold showing of a preliminary injunction, Mr. Coleman first must show that "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). "A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020)

(quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020).

### III. Discussion

In his first two motions, Mr. Coleman asks the Court to enter preliminary injunctions requiring the EPA to test the cellblocks for mold and directing the Internal Revenue Service to audit the Jail's spending on cleaning supplies. Dkt. 13 at 2; 17 at 1. And, in his motion for immediate action for violations, he asks for a "federal inspection" and for the Court to "speak to the inmate population." Dkt. 20 at 2.

First, any request that the Court order the EPA or the IRS to take any particular action must be denied because "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)).

Next, Mr. Coleman has failed to establish a likelihood of success on the merits of his mold claim. Because Mr. Coleman is understood to be a pretrial detainee, rather than a convicted prisoner, his constitutional rights are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See Kingsley v. Hendrickson,* 576 U.S. 389, 395 (2015); *Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013). To succeed on a Fourteenth Amendment claim based on the conditions of his confinement, the "alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing cases). "An adverse condition violates the constitution

when it results in the denial of a basic human need, such as adequate food, clothing, shelter, and medical care." *Id.* at 310 (cleaned up). With respect to the second, subjective element, the defendant must have "'a purposeful, a knowing, or possibly a reckless state of mind.'" *Smith*, 803 F.3d at 310 n. 2 (quoting *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015)).

Mr. Coleman asserts that only one mop bucket is provided daily for 32 inmates, that inmates are not given sanitizing spray to clean up after meals, and that inmates are not allowed to clean toilets, showers, and walls, and that this has caused "excessive amounts of insects and mold." Dkt. 20 at 1-2. He also states that daily inspections are not done. *Id.* at 2. While Mr. Coleman asserts that his cellblock is infested with mold, there is evidence that his complaints regarding mold have been considered and that no mold has been found. *See* dkt. 19-1 at 2. When Mr. Coleman complained of mold in his cell, the vents were cleaned, and the ceiling tile was replaced. Dkt. 19-2 at 2, 6. When Mr. Coleman continued to complain that there was mold, his complaint was investigated, and officials concluded that the substance he believed was mold was a hard water stain, which officials attempted to clean. Dkt. 19-2 at 7-9. In addition, mops, buckets, brooms, and dustpans are available to inmates daily and inmates are provided products for deep cleaning and sanitation once per week. Dkt. 19-2 at 3.

While the presence of mold or an infestation of insects may create objectively serious conditions of confinement, Mr. Coleman has not presented sufficient evidence that, in these circumstances, Sheriff Myers "'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect" to these conditions. *See Smith*, 803 F.3d at 310 (7th Cir. 2015). He therefore has not demonstrated a reasonable likelihood of success on the merits of his claims.

Having found that Mr. Coleman has not shown a likelihood to succeed on the merits, the Court does not consider the additional injunctive relief factors. *Lukaszxzyk v. Cook Cnty.*, 47 F.4th

587, 598 (7th Cir. 2022) ("If plaintiffs fail to establish their likelihood of success on the merits, [the Court] need not address the remaining preliminary injunction elements.").

## IV. Conclusion

As discussed above, Mr. Coleman has not demonstrated his entitlement to a preliminary injunction. Accordingly, the motions for a preliminary injunction, dkt. [13], and dkt. [17], and the motion for immediate action, dkt. [20], are each **DENIED**.

**IT IS SO ORDERED.**

Date: 11/15/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHALE ANGELO COLEMAN
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com