UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHALE ANGELO COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:22-cv-01912-JMS-TAB |
| MATTHEW MYERS, | ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michale Coleman filed this lawsuit when he was confined at the Bartholomew County Jail alleging that he was exposed to insects and black mold at the Jail. He also alleges that he could not practice his religion at the Jail. Defendant Matthew Myers seeks summary judgment arguing that Mr. Coleman failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. Mr. Coleman has not responded to the motion. For the reasons below the motion is **GRANTED**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

In this case, the defendant has met that burden through his unopposed motion for summary judgment. Plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

II.
Factual Background

Because the defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Here, Mr. Coleman has not responded to the summary judgment motion, so the Court treats Sheriff Myers's supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

The Bartholomew County Jail has an inmate grievance procedure. Dkt. 36-1 at 1, 3-5. A grievance must be submitted within 72 hours of the occurrence. *Id.* at 1, 4. An inmate can appeal to the jail commander if unsatisfied with the response to the grievance. *Id.* at 2, 4. Mr. Coleman filed this lawsuit in the Bartholomew Superior Court on September 7, 2022. Dkt. 1-2. He submitted grievances concerning mold, insects and the cleanliness of his living environment on September 15, 28, and October 10 of 2022. *Id.* at 8, 15, 19. He submitted grievances concerning the Jail's religious offerings on September 26, 28, and October 3. *Id.* at 11, 14, 16.

III.
Discussion

Sheriff Myers seeks summary judgment arguing that Mr. Coleman failed to exhaust his available administrative remedies before he filed this lawsuit.

**A. Applicable Law**

The PLRA requires that a prisoner exhaust his available administrative remedies *before* suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "[T]o exhaust

3

administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). And the prisoner must take those steps *before* filing suit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("Section 1997e(a) says that exhaustion must precede litigation.").

### B. Mr. Coleman's Use of the Grievance Process

Sheriff Myers has designated evidence to show that Mr. Coleman filed grievances regarding the conditions at the Jail and his allegations that he was denied the right to practice his religion. But Mr. Coleman filed those grievances *after* he filed his lawsuit in this case. By failing to respond to the motion for summary judgment, Mr. Coleman has failed to dispute this evidence. Because Mr. Coleman failed to exhaust his available administrative remedies, *before* he filed this lawsuit, as required by the PLRA, this lawsuit must be dismissed. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

### IV.
### Conclusion

Sheriff's Myers's motion for summary judgment, dkt. [36], is **GRANTED**. Mr. Coleman's claims are dismissed without prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/31/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHALE ANGELO COLEMAN
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

All Electronically Registered Counsel